Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

PEOPLE OF GUAM, )
) CRIMINAL CASE NO. CM471-10
vs. )
) -9 PM 2: 57
)
) **DECISION AND ORDER**
PERFIN IOTARO aka PERFIN TOTOARO, )
)
Defendant. )

In the interest of judicial economy and after reviewing the filed documents, the Honorable ELIZABETH BARRETT-ANDERSON is hereby canceling oral arguments for Defendant's Motion to Dismiss, pursuant to CVR 7.1(e)(3), and will decide based on the written materials. Furthermore, the Court is hereby DISMISSING the case against Defendant.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on December 28, 2009. On May 20, 2010 the Complaint was filed. A Summons was issued on June 28, 2010 for an arraignment scheduled for August 4, 2010, which is seventy-six (76) days after the filing of the Complaint. The Affidavit of Non-Service listing two (2) attempts was filed on July 23, 2010 and a Bench Warrant was issued on August 6, 2010 for Defendant's failure to appear. Defendant was arrested on December 23, 2011 based upon the Bench Warrant and released and told to appear for an arraignment on December 28, 2011. Defendant's attorney states that Defendant appeared at the Hagatna Court,

---

[1] This holding is hereinafter referred to as the "60 day rule."

but the arraignment hearing occurred at the Dededo Court; due to Defendant's failure to appear the Magistrate Court recommended a second bench warrant be issued. Defendant surrendered himself on January 2, 2012 and released from custody with an arraignment scheduled for January 11, 2012. Defendant appeared, but an interpreter was not available; therefore, the arraignment was continued until January 25, 2012. A stipulation was filed to continue the arraignment on February 15, 2012. Defendant was finally arraigned on February 15, 2012; six hundred thirty-six (636) days after the Complaint was filed.

The time between the Complaint and the Defendant's arraignment does violate the 60 day rule announced in *Rasauo II*. Therefore, the Court must review what days, if any, after December 20, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation.

The People maintain in similar *Rasauo II* oppositions to motions to dismiss that once a request for a summons is presented the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court. Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See e.g. People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Since the onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14. The Court declines to provide a decision regarding good cause on the remaining factors in this case.

Finally, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice."" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[2]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires

---

[2] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

//

//

//

In conclusion, the days between the filing of the Complaint and Defendant's first appearance and arraignment do violate the 60 day rule, and no good cause is shown as to why the first scheduled arraignment violated the 60 day rule. Defendant's Motion is GRANTED in part. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this __ of March, 2012.

HONORABLE ELIZABETH BARRETT- ANDERSON

Judge, Superior Court of Guam

MAR 0 6 2012